UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| ROBERT T. KING, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>ST. LOUIS METROPOLITAN )<br>POLICE DEPARTMENT, et al., )<br>)<br>    Defendants. ) | No. 4:24-CV-1594 HEA |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendants St. Louis Metropolitan Police Department ("SLMPD") and Mayor Tishaura Jones ("Mayor Jones") (collectively "Defendants"). Plaintiff Robert T. King, who is proceeding in this matter *pro se* without the assistance of counsel, responded to the motion and states that his claims should be amended not dismissed. For the reasons that follow, the Court will deny without prejudice Defendants' Motion to Dismiss and allow Plaintiff leave to amend his Petition.

### *Background*

Plaintiff originally filed suit in the Twenty-Second Circuit Court of the City of St. Louis, Missouri against Defendants SLMPD and Mayor Jones. Plaintiff alleges

1

that he was a Police Officer and Academy Instructor with the SLMPD, and in January 2018, he was seriously injured on the job and suffered debilitating injuries. Plaintiff alleges that since that time, he has been denied reasonable accommodations, benefits, and wages because of his disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.* ("ADA"), and that he was retaliated against due his attempts to enforce his rights under the ADA. Plaintiff also avers that he is bringing claims under the Whistleblower's Protection Act, Mo. Rev. Stat. § 258.575. For relief, Plaintiff states that he seeks the following:

> I would like to be compensated for my Sick and Vacation time that was taken from me. I would like to be given by 130 days of salary continuation. And I would like my wrongful termination overturned so that I may retire with dignity and honors, have my last roll call and be celebrated with the friends I have left on the Department. I am seeking $200,000.00 in monetary damages.

(ECF No. 2 at 7). Plaintiff attached to his Petition a copy of the Charge of Discrimination he filed with the Missouri Commission on Human Rights ("MCHR"), which is dated December 28, 2023, and a Notice of Right to Sue dated July 28, 2024.

Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441. Defendants contend this Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff is bringing federal claims under the

2

ADA. Defendants also contend that the Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

Following removal, Defendants filed a Rule 12(b)(6) motion to dismiss for failure to state a claim. Defendants make the following arguments in their motion: (1) SLMPD is not a suable entity; (2) Plaintiff fails to allege sufficient facts to state a claim against Mayor Jones; (3) Mayor Jones is entitled to official immunity; (4) Plaintiff failed to exhaust his administrative remedies under the Missouri Human Rights Act ("MHRA"); and (5) Plaintiffs claims against Mayor Jones should be dismissed because there is no individual liability under the ADA or MHRA. Plaintiff filed a response to Defendants' Motion to Dismiss, in which he states that he should be allowed to amend his claims.

## *Discussion*

The Court declines to address the merits of Defendants' Motion to Dismiss. In light of the fact that Plaintiff is proceeding *pro se* and this case was removed from state court to federal court, the Court will deny, without prejudice, Defendants' Motion to Dismiss and allow Plaintiff to file an amended complaint to address the issues Defendants raise in their Motion. Plaintiff, however, must submit his amended complaint on a court-provided form, and the amended complaint must comply with Rules 8, 10, and 11 of the Federal Rules of Civil Procedure.

Plaintiff is required to set out his claim(s) in a simple, concise, and direct manner. *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances). In paragraph 12 of the form complaint, Plaintiff must set forth the factual allegations supporting his claim(s) against the defendant(s), in other words, what the defendant(s) did. Plaintiff must explain the factual basis of his claim(s) so that the defendant(s) will have notice of what it is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Plaintiff is also required to attach to his amended complaint copies of his charge(s) of discrimination filed with the EEOC and/or MCHR and the right-to-sue letter. Finally, the form complaint must be physically signed. Plaintiff is cautioned that the filing of an amended complaint replaces his Petition, and so it must include all claims he wishes to bring. *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). **If Plaintiff fails to timely comply with this Opinion, Memorandum and Order and file an**

4

**Amended Complaint, the Court will dismiss this action without prejudice and without further notice.**

Plaintiff is also warned that although he is representing himself *pro se*, he is not excused from complying with the Court's orders, the Federal Rules of Civil Procedure, and the Local Rules. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996); *see also Faretta v. California*, 422 U.S. 806, 934-35 n.46 (1975) (*pro se* litigant must comply with relevant rules of procedure).[1]  All documents Plaintiff submits for filing with the Court must include a caption, title, and Plaintiff's handwritten signature and contact information.  Plaintiff must communicate with the Court in writing by motion or memorandum only, and Plaintiff's filings must be timely.  To file a document out of time, Plaintiff must file a motion for leave and show good cause as to why he cannot meet the filing deadline.  And importantly, Plaintiff must comply with all orders of this Court.  Failure to comply with the Court's orders or to follow the Federal Rules of Civil Procedure or the Local Rules of this Court may result in dismissal of this case.

Accordingly,

---

[1] Links to this Court's Local Rules and the Federal Rules of Civil Procedure, as well as other resources for self-represented litigants are available on the Court's website, http://www.moed.uscourts.gov.

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **DENIED without prejudice.** [ECF No. 4]

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a blank copy of the Court's Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that on or before **June 20, 2025**, Plaintiff Robert T. King shall submit an amended complaint in accordance with the instructions set forth herein.

**If Plaintiff fails to timely comply with this Opinion, Memorandum and Order and file an Amended Complaint, the Court will dismiss this action without prejudice and without further notice.**

Dated this May 21st day of May, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE