UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT T. KING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:24-CV-1594-ZMB |
| ) | |
| CITY OF ST. LOUIS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the St. Louis Board of Police Commissioners's Motion for Substitution of Parties and Substitution of Counsel, Docs. 16, 17, and its subsequent request to withdraw those motions, Docs. 32, 33. Given the Board's withdrawal of consent and the potential prejudice that substitution could cause Plaintiff Robert T. King, the Court denies the motions to substitute and denies as moot the Board's motions to withdraw.

**BACKGROUND**

**I.     Factual Background**

These instant motions are the latest salvo in a long-running battle between the City of St. Louis and the State of Missouri over the St. Louis Metropolitan Police Department (SLMPD). In 2012, a ballot initiative paved the way for a locally controlled police department to replace the existing state-controlled Board of Police Commissioners. *State ex rel. Hawley v. City of St. Louis*, 531 S.W.3d 602, 604 (Mo. Ct. App. 2017). The referendum required the City to "adopt an ordinance accepting responsibility, ownership, and liability as successor-in-interest for contractual obligations, indebtedness, and other lawful obligations of the board of police commissioners," Mo. Rev. Stat. § 84.344 (2012), which it did in 2013, St. Louis, Mo., Rev. Code ch. 3.12.005 (2013).

Perhaps unsurprisingly, a disagreement arose as to whether the City had to accept *all* of the Board's liabilities as its successor-in-interest. Missouri courts broadly answered yes, requiring the City to accept the Board's obligations to indemnify former officers, among other liabilities. *See, e.g.*, *Holmes v. Steelman,* 624 S.W.3d 144, 147 (Mo. banc 2021); *Banks v. Slay*, 875 F.3d 876, 880 n.7 (8th Cir. 2017) (noting the City's concession that it was the successor-in-interest to judgments incurred by the Board). Efforts to recover on those old liabilities are still ongoing. *Holmes v. Zellers*, 2025 WL 2110585, at *6 (Mo. Ct. App. July 29, 2025) (noting that the litigation over responsibility for judgments "resembles three card monte"), transfer granted (Mo. Nov. 4, 2025).

After more than a decade of local oversight, the Missouri General Assembly enacted a statute reasserting state control over the SLMPD in March 2025. MO. REV. STAT. § 84.325. Using nearly identical language to the prior law transferring control to the City, the statute decrees that the State would "accept responsibility, ownership, and liability as successor-in-interest for contractual obligations and other lawful obligations of the municipal police department." *Compare id.*, *with* MO. REV. STAT. § 84.344.4 (2012). While counsel for the Board initially agreed that the Board members[1] should be substituted in place of the City for the purposes of pending litigation across a number of different cases, it reversed course after this Court issued an order finding that the State had not assumed liabilities for injuries caused by the SLMPD during local control. Doc. 31 (citing *Clark v. City of St. Louis*, No. 4:21-CV-788-JMD, Doc. 212 (E.D. Mo. Sept. 30, 2025)); *see also Gatlin v. Welle*, No. 4:25-CV-43-ACL, 2026 WL 60356, at *3 (E.D. Mo. Jan. 5, 2026) (concluding that "the statute did not transfer *all* of the City's liabilities to the State"). And now that "the shoe is on the other foot," the City has similarly insisted across multiple cases that the transfer of control brings with it the assumption of liabilities. *See, e.g.*, Doc. 34 at 2; *Swink v. Love*, No. 4:25-CV-569-ZMB, Doc. 40 at 32 (E.D. Mo. Oct. 10, 2025); *Welle*, 2026 WL 60356, at *2.

---

[1] The Board itself is a non-suable entity. *Edwards v. Baer*, 863 F.2d 606, 609 (8th Cir. 1988). As such, jurisdiction over the Board may be obtained only by suing the Board members in their official capacity. Doc. 23 ¶ 9. Any references to the Board should be construed as references to the Board members in their official capacity.

2

## II.     Procedural Background

King originally filed his complaint in state court, and Defendants filed a timely Notice of Removal in late 2024. Doc. 1. Following Defendants' initial motion to dismiss, King amended his complaint in June 2025. Docs. 4, 13. The operative complaint alleges that the SLMPD denied King reasonable accommodation, benefits, and wages because of his disability, which was the direct result of a work-related injury in 2018. Doc. 13 at 5. He further alleges that he was retaliated against for seeking to enforce his rights under the Americans with Disabilities Act (ADA) and Missouri Human Rights Act (MHRA). *Id.*

The Board filed a motion to substitute itself for the City following the SLMPD's return to state control. Doc. 16. After the ruling in *Clark*, however, the Board filed a motion to withdraw its prior request for substitution. Doc. 33. The Court conducted a hearing on substitution and related issues. Doc. 27; *see also Swink*, No. 4:25-CV-569-ZMB, Doc. 40. At the hearing, the Court granted the Defendants' partial motion to dismiss, leaving only the ADA and MHRA claims against the City of St. Louis. *Id.* The City and Board submitted thorough post-hearing briefs. Docs. 31, 34.

## LEGAL STANDARD

Federal Rule of Civil Procedure 25(c) "permits substitutions when an interest is transferred during a lawsuit." *ELCA Enters. v. Sisco Equip. Rental & Sales*, 53 F.3d 186, 191 (8th Cir. 1995) (internal alterations omitted). This procedure allows "an action to continue unabated when an interest in a lawsuit changes hands, rather than requiring the initiation of an entirely new lawsuit." *Id.* (citation omitted). "The decision whether to substitute parties lies within the discretion of the trial judge and he may refuse to substitute parties in an action even if one of the parties so moves." *Froning's, Inc. v. Johnston Feed Serv.*, 568 F.2d 108, 110 n.4 (8th Cir. 1978).

**DISCUSSION**

Based on the unique circumstances of this case, the Court finds that substitution under Rule 25(c) is not appropriate. Even ignoring the complex questions of statutory construction addressed in *Clark*, substitution is not the appropriate mechanism for adding the Board given its withdrawal of consent. Further, the Board's position is that it has Eleventh Amendment immunity against the ADA claims. As such, allowing the City to be substituted out of the case would unduly prejudice King. That said, the City remains free to pursue dismissal, and nothing in this decision should be read to foreclose other mechanisms of adding the Board, such as an amended complaint, joinder, or impleader.

The most significant roadblock to substitution is the new position taken by the Board. While previously asserting that it was the successor-in-interest to the City under MO. REV. STAT. § 84.325, *see* Doc. 16, the Board now accepts responsibility for only those obligations arising *after* the SLMPD returned to state control, Doc. 31. The Court has been unable to locate any authority supporting the substitution of a successor-in-interest over the objection of the alleged successor.[2]

Substitution is further complicated by the Board's position that it has Eleventh Amendment immunity against the ADA claims. Doc. 30 at 20–21. The key feature of a "substituted party" is that it "merely steps into the same position of the original party." *C.F.C.S. Invs., LP v. Transamerica Occidental Life Ins. Co.*, No. 4:16-CV-396-JAR, 2017 WL 282403, at *2 (E.D. Mo. Jan. 23, 2017) (quotation omitted); *see also ELCA Enters.* 53 F.3d at 191 n.5 (emphasizing that a substituted party "assumes an identical position . . . in the lawsuit"). But the Board would not simply step into the City's shoes because it intends to assert a defense otherwise unavailable to the City.

---

[2] In any case, a defining feature of Rule 25(c) is that it is a *procedural* measure. Even absent substitution, if a party is later found to be a successor-in-interest, "the judgment will be binding on the successor in interest even though the successor is not named." 7C WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1958 (3d ed. 1998); *see also In re Covington Grain Co.*, 638 F.2d 1357, 1361 (5th Cir. 1981) (noting Rule 25(c) "is procedural only and does not affect the substantive rights of the parties"). If the Board is later determined to be a successor in interest, any judgment obtained against the City automatically would transfer and be binding upon the Board.

As such, allowing substitution risks prejudicing King. *Couf v. Equitable Life Assurance Soc'y*, 2003 WL 27384629, at *2 (D. Minn. Dec. 17, 2003) ("Substitution may be permitted as long as it will not affect either party's substantive rights." (citing *ELCA Enters.* 53 F.3d at 191); *cf. Potvin v. Speedway LLC*, 891 F.3d 410, 416 (1st Cir. 2018) (affirming substitution where plaintiff was unable to show "so much as a smidgen of prejudice stemming from the substitution of parties"). Thus, at this juncture, the City is the only remaining Defendant—with King's ADA and MHRA claims still pending against it. *See* Doc. 27.

As noted above, this order should not be construed to limit other mechanisms for removing the City or adding the Board. If the City believes the allegations against it are insufficient—as King may agree based on his statements at the hearing, Doc. 30 at 10—it can advance that argument in a motion to dismiss. And while the Court had anticipated the Board would be added to the case at the hearing, Doc. 30 at 26, nothing prevents King from moving to amend the complaint to add the Board members in their official capacity (or any other parties he believes are relevant) given that the Board subsequently changed its position, *see* Docs. 31–33.

## CONCLUSION

Accordingly, the Court **DENIES** the Board of Police Commissioners's [16] Motion to Substitute Parties and [17] Substitution of Counsel. Further, the Court **DENIES** as moot the Board's [32] Withdrawal of Request for Substitution of Counsel, and [33] Withdrawal of Motion for Substitution of Parties.

So ordered this 23rd day of January 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE